## KIDD v. KING.

1. The circumstance that an agent, acting in the business of his principal, takes notes payable to himself, in discharge of the sum due to his principal, is not, by itself, such evidence of a conversion as will dispense with proof of a demand of the money collected on the note before suit brought.

Writ of Error to the Circuit Court of Marengo county.

King, as the administrator of one Cabbaness, brought his action for money had and received, against Kidd. On the trial, it appeared that one Edmunds had leased to Kidd certain lands and slaves, at a yearly rent, to be paid in cotton. This lease was afterwards transferred to the plaintiff's intestate, Cabbaness, at an advance of one thousand dollars. Cabbaness sold the lease to one Brame, for an advance of one thousand dollars on what he gave. After the latter had been in possession for some short time, an agreement was made between one Robinson, as the trustee of Edmunds, and the defendant, by which the contract for the lease was rescinded, and the property afterwards was delivered over to Robinson, who agreed to pay two thousand dollars as a consideration for the rescision. As the consideration for this agreement, he gave to the defendant, Kidd, two promissory notes, payable to him. Both these notes were paid to Kidd before the institution of the suit. There was also evidence tending to show that in this contract for the recision of the lease, Kidd acted partly on his own account, and partly on account of Cabbaness, and as his agent; that their interest in the notes taken from Robinson, was equal. There was no evidence of any demand of the money before the suit.

Kidd v. King.

On this evidence the Court was requested by the defendant to instruct the jury, that if he received the money as the agent of Cabbaness, the plaintiff could not recover, without showing a demand before suit. This was refused; and the jury was instructed, that the evidence did not disclose such a case of agency as to make a demand of the money before suit, essential to a recovery.

The defendant excepted to the refusal to give the charge asked for, as well as to that given, and now seeks to reverse the judgment given against him, on the ground that the Court erred.

MURPHY & JONES, for the plaintiff in error.
MANNING, contra.

GOLDTHWAITE, J.—The facts of this case seem to bring it very fully within the influence of the decision made in that of Sally v. Capps, [1 Ala. Rep. N. S., 101,] unless a distinction can be drawn from the circumstance, that here, the agent took notes in his own name for the sum of money coming to his principal. We believe it has uniformly been held, in this Court and elsewhere, that an agent or factor may take notes payable to himself, on account of property sold for his principal, without being thereby made liable, as in case of a conversion.

This principle was so ruled in the case of Goldthwaite v McWhorter, [5 S. & P. 284,] and it seems to be applicable to the state of evidence before the jury. The mere circumstance that an agent takes a note in his own name, for a sum of money coming to his principal, is not, by itself, evidence of a conversion. In such a case, we apprehend, the principal could at any time claim to have the note transferred to him, and if refused, the agent at once would become liable as for a conversion; but if he acquiesces and permits the agent to receive the money, he is not entitled to his action, without a demand or something equivalent to it, showing the agent wrongfully withholds the money. [See Stewart, et als. v. Frazer, decided at this term.]

Let the judgment be reversed, and the cause remanded.